UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DENA MARIE RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00112-SEB-KMB |
| | ) |
| QASONOMETRY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This cause is before the Court on Plaintiff's Motion to Remand [Dkt. 7]. For the following reasons, the motion is <u>DENIED</u>.

**Factual Background**

On May 11, 2022, Plaintiff Dena Marie Rodgers was injured when she was struck by a semi-truck driven by Defendant Mark West and owned by Defendant Qasonometry, Inc. while traversing a roundabout in Jeffersonville, Indiana. Prior to filing suit against Defendants, on March 20, 2023, Ms. Rodgers served upon Defendants' counsel a demand seeking the insurance policy limits of $750,000. Included with the demand were copies of Ms. Rodgers's medical records and bills, totaling approximately $35,000 before write-offs and adjustments, including records for a rotator cuff surgery.

Approximately three weeks later, on April 13, 2023, Ms. Rodgers filed her complaint in the Clark Superior Court 6 in Clark County, Indiana. Defendant Qasonometry was served with notice of Ms. Rodgers's lawsuit on or before April 17, 2023 and Defendant West was served on or before May 17, 2023. Dkt. 1 ¶ 3. In

1

accordance with Rule 8 of the Indiana Rules of Trial Procedure, Ms. Rodgers did not set forth a specific monetary demand in her complaint. Ms. Rodgers alleged that Defendants' negligence was "the direct and proximate cause of serious bodily injuries," (Compl. ¶ 8), and requested a judgment against Defendants in an amount reasonably calculated to compensate for damages, including but not limited to: (1) destruction of capacity to labor and earn income; (2) pain and suffering; (3) physical injury; (4) emotional distress; and (5) punitive damages. *Id.* ¶ 22.

Ms. Rodgers served written discovery on both Defendants with her complaint. Defendant Qasonometry responded to Requests for Admission on June 8, 2023. On May 1, 2023, Defendants served Requests for Production of Documents, Requests for Admission, and Interrogatories on Plaintiff's counsel, which included a request for admission that "[t]he total of all of Plaintiff's damages arising from the accident for which Plaintiff seeks compensation do not exceed $75,000." Dkt. 8-4. Ms. Rodgers served her Answers to Requests for Admission, Interrogatories, and Requests for Production on July 4 and 5, 2023, which included the same medical records and bills previously provided to Defendants' counsel. Ms. Rodgers initially objected to Defendants' request for admission as to the amount in controversy as being "premature," but in her supplemental responses on July 5, 2023, stated that she "lacked sufficient information to admit or deny the request as she has not completed her medical treatment." Dkt. 8-6.

Six days later, on July 11, 2023, Defendants removed this case to this court based on federal diversity jurisdiction. On August 8, 2023, Ms. Rodgers filed the instant

Motion to Remand, arguing that Defendant's removal was untimely as it was not filed within 30 days of service on Defendant West.  Defendants oppose remand.

## Legal Analysis

Removal based on diversity requires that the parties be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that the amount in controversy exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332, § 1441.  A defendant seeking to remove a case on the grounds of diversity jurisdiction must file a notice of removal within 30 days after service of the complaint.  *See* 28 U.S.C. § 1446(b)(1).  However, if a case is not removable at the outset, a notice of removal may be filed within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  In such circumstances, the pleading or other paper must "affirmatively and unambiguously reveal[] that the predicates for removal are present" before the 30-day removal clock begins to run. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).  Moreover, "[w]ith respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought." *Id.*

Here, Ms. Rodgers's complaint, in accordance with Indiana law, did not specifically disclose the amount of monetary damages sought, and therefore did not trigger the start of the 30-day removal window under *Walker v. Trailer Transit, Inc.*'s bright-line rule.  To the extent that Ms. Rodgers argues that a "fair reading of the complaint" should have permitted Defendants to ascertain that the minimum

jurisdictional threshold was met, that standard "was on one side of the district court split prior to *Walker*," but, "[i]n *Walker*, the Seventh Circuit resolved that split by establishing its bright-line rule, which includes the rule for the amount in controversy that 'the pleading or other paper must specifically disclose the amount of monetary damages sought'" to start the 30-day removal clock running.[1] *Redfield v. Uthe*, No. 2:20-CV-199-TLS-JPK, 2021 WL 2451906, at *4 (N.D. Ind. June 15, 2021) (citations omitted).

It is true that Plaintiff's counsel sent Defendants' counsel a pre-suit demand letter seeking the insurance policy limits of $750,000, but the accompanying medical bills attached to the demand letter totaled less than $40,000, and, in any event, "a demand letter sent prior to the filing of a formal complaint is not a reliable indicator of the amount of damages a plaintiff is actually seeking." *Gabe's Const. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 12-CV-00122, 2012 WL 1900122, at *2 (E.D. Wis. May 24, 2012). Accordingly, Defendants were not required to remove the case based on a pre-suit demand letter. *See Chapman v Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (observing that by the "plain terms" of § 1446(b), if an "'other paper' is to trigger the thirty-day time period … the defendant must receive the 'other paper' only after it receives the initial pleading."). Because Defendants filed their notice of removal within 6

---

[1] We note that a defendant is not prohibited from "determin[ing] that removal is appropriate based on a preponderance of the evidence and remov[ing] on their own initiative, even though the pleading or other litigation paper does not specify the amount of damages," but "[n]onetheless, defendants face no 30-day time limit to do so until receipt of a clock-triggering pleading or other litigation paper that satisfies the bright-line rule." *Redfield*, 2021 WL 2451906, at *4 (citing *Walker*, 979 F.3d at 825).

4

days of receiving Plaintiff's discovery response in which she first refused to admit that her damages are less than $75,000, Defendants' removal was timely.

For these reasons, Plaintiff's Motion to Remand [Dkt. 7] and request for attorney fees is <u>DENIED</u>.  The case shall proceed accordingly.

IT IS SO ORDERED.


Date:  _____11/16/2023_____           _____
                                          SARAH EVANS BARKER, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

Kaitlin Coons Astorino
ISAACS & ISAACS PC
kaitlin@isaacsandisaacs.com

Matthew Keith Phillips
WHITTEN LAW OFFICE
mphillips@indycounsel.com

Christopher R. Whitten
Whitten Law Office LLC
cwhitten@indycounsel.com