UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DENA MARIE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00112-SEB-KMB |
| | ) | |
| QASONOMETRY, INC., | ) | |
| MARC A. WEST, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO COMPEL

Presently pending before the Court is Defendants Qasonometry, Inc., and Marc West's Motion to Compel Plaintiff's Expert Disclosures, Set Deposition Schedule, and Extend Dispositive Motions Deadline. [Dkt. 42.] Plaintiff Dena Rodgers opposes Defendants' motion. [Dkt. 43.] Defendants have filed a reply supporting their requested relief, [dkt. 44], and the issue is now ripe for the Court's decision. For the following reasons, the Court **GRANTS** Defendants' Motion to Compel. [Dkt. 42.]

The Court's decision here is not a close call, so it will get right to the point. The approved Case Management Plan ("CMP") provides, in relevant part, as follows:

> G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

1

[Dkt. 13 at 3.] Defendants intend to use expert testimony in support of a dispositive motion, so Defendants disclosed their expert on June 18, 2024, which was the deadline to do so under the applicable CMP deadlines. While that timely disclosure is not disputed, Plaintiff's opposition to the pending motion spills much ink over apparent outrage that Defendants waited until the day of the deadline to make this expert disclosure. [Dkt. 43.] The Court does not share Plaintiff's emotional reaction to Defendants' timely expert disclosure.

Since Defendants timely disclosed an expert under the relevant portion of the CMP, the CMP then requires that "the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery . . . . The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines." [Dkt. 13 at 3.] Rather than the smooth meet and confer process that the CMP anticipates and this Court expects, it is apparent from Defendants' motion that Plaintiff's counsel has unnecessarily frustrated that process. [Dkts. 42 at 3-5; 42-1.] Defendants' counsel reasonably tolerated a certain amount of delay related to an illness by Plaintiff's expert, but at a certain point that delay became unreasonable and necessitated the pending motion. Specifically, without Plaintiff's expert's report and deposition, the Parties cannot complete necessary discovery ahead of the current September 16, 2024, dispositive motions deadline.

Rather than accept any responsibility for the role played in this delay, Plaintiff's counsel repeatedly chose to blame Defendants for not disclosing their expert further ahead of the disclosure deadline. [*See* dkt. 42 at 5 (email from Plaintiff's counsel to Defendants' counsel almost two months after Defendants' timely disclosure stating, "Can you explain to me why you waited until literally the last possibly minutes prior to the deadline to expire to disclose your report, and now expect my expert to accelerate his date to accommodate a pending [dispositive motions] deadline?

Candidly speaking you could have disclosed it far in advance of the deadline . . . . Can you explain why this apparent delay on your expert[']s part in delivering his report to you somehow requires my expert to now work under an accelerated timeline?").] While perhaps some of Plaintiff's counsel's initial frustration was warranted, to still be focused on that nearly two months after Defendants' timely disclosure when Plaintiff's expert's own delay is now impacting the CMP deadlines is unwarranted and frankly unprofessional. *See, e.g.*, Indiana Rules of Professional Conduct, Preamble [9] (Lawyers have an obligation "to protect and pursue a client's legitimate interests, within the bounds of the law, while maintaining a *professional, courteous and civil attitude* toward all persons involved in the legal system.") (emphasis added); Indiana Rule of Professional Conduct 3.4(d) ("A lawyer shall not . . . fail to make reasonably diligent effort to comply with a legally proper discovery request by opposing counsel.").

Plaintiff's opposition to the pending motion implies that Plaintiff's behavior is warranted because Defendant Qasonometry has made its own discovery missteps in this case. [Dkt. 43 at 1 (Plaintiff's response brief immediately pointing to Qasonometry's prior discovery failings as apparent justification for Plaintiff's delay in the expert disclosure process).] To be clear, bad behavior by one side does not justify bad behavior by the other side. Additionally, the Court notes that despite its express invitation for Plaintiff to file a motion to compel if Qasonometry continued to fail to comply with prior Court orders, Plaintiff never did so. [*See* dkt. 38 at 2 (Minute Entry from hearing on Plaintiff's Motion to Compel stating that "[t]he Court encourages Plaintiff's counsel to file a motion seeking relief consistent with Rule 37(b)(2)(A) if Qasonometry fails to comply with this Order").]

3

To keep this case moving forward, and given various representations made by the Parties in briefing the pending issue, the Court now **GRANTS** Defendants' Motion to Compel, [dkt. 42], and rules as follows:

- **No later than August 27, 2024,** Plaintiff must disclose, in full and complete compliance with Federal Rule of Civil Procedure 26, any expert whose testimony will be offered in response to Defendants' expert or offered in response to Defendants' anticipated dispositive motion. [*See* dkt. 43 at 3 (Plaintiff stating full expert disclosure would occur by August 27, 2024).]

- Any expert that Plaintiff discloses by the date set forth above must sit for a deposition by Defendants **no later than November 22, 2024**. [*See* dkt. 44 at 4 (stating available dates ahead of November 22, 2024).]

- The dispositive motions deadline in this case is extended until **December 16, 2024**. It is **not** anticipated that it will be extended further.

- **Within ten (10) days of this Order**, counsel is **ORDERED** to file a joint motion to vacate the currently scheduled final pretrial conference and trial date.

**SO ORDERED.**

Date: 8/23/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Matthew Keith Phillips
WHITTEN LAW OFFICE
mphillips@indycounsel.com

Michael Paul Pieknik
Isaacs & Isaacs, PLC
mike@wewin.com

Christopher R. Whitten
Whitten Law Office LLC
cwhitten@indycounsel.com