UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DENA MARIE RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00112-SEB-KMB |
| ) | |
| QASONOMETRY, INC., ) | |
| MARC A. WEST, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS

Presently before the Court is Plaintiff Dena Marie Rodgers' Motion for Sanctions against Defendant Qasonometry, Inc. and Qasonometry's sole owner Muhammed White. [Dkt. 53.] The motion requests an entry of default judgment and compensatory contempt sanctions based on Qasonometry's undisputed failure to comply with Court orders and attend an in-person show cause hearing. For the reasons explained below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

In this personal injury lawsuit, Ms. Rodgers claims that Defendant Marc A. West negligently drove a semi-truck owned by his former employer, Defendant Qasonometry, Inc., into a roundabout and thereby caused a collision with her vehicle. [Dkt. 25.] Based on these allegations, she is suing Mr. West for negligence and is also suing Qasonometry for negligence on a theory of *respondeat superior*. [*Id.* at ¶¶ 14-21.] The Amended Complaint does not include claims of independent wrongdoing by Qasonometry, such as negligent hiring, training, or

supervision. Mr. West and Qasonometry are both represented in this lawsuit by the same counsel. [Dkts. 2; 3.]

At a Telephonic Status Conference on February 27, 2024, Ms. Rodgers stated that she had not received discovery responses from either of the Defendants and that those responses were already significantly overdue. [Dkt. 24.] The Court ordered the Defendants to send Ms. Rodgers their discovery responses by March 8, 2024, and instructed Ms. Rodgers "to promptly file any appropriate discovery motions if adequate responses are not received from any Defendant by that time." [*Id.* (emphasis removed).]

At the next Telephonic Status Conference on April 23, 2024, Ms. Rodgers reported that the Defendants still had not sent their discovery responses despite the Court's order for them to do so. [Dkt. 31.] The Court ordered Ms. Rodgers to file a motion to compel or other appropriate motion by May 10, 2024, if she had not received discovery responses by that time. [*Id.*] The Court noted that it was considering setting an in-person hearing on the motion at the federal courthouse in Indianapolis should it be necessary. [*Id.*]

Ms. Rodgers subsequently filed a Motion to Compel Qasonometry to respond to her discovery requests. [Dkt. 32.] These discovery requests included interrogatories and requests for production. [*Id.* at 1.] The Court then issued a briefing schedule on the Motion to Compel and set the case for an in-person hearing in Indianapolis on June 18, 2024. [Dkt. 33.] That Order specifically stated, "a client representative of Defendant Qasonometry, Inc. must also attend the in person hearing." [*Id.* (emphasis removed).] In its response brief, Qasonometry conceded that it had not responded to Ms. Rodgers' interrogatories or requests for production. [Dkt. 35 at ¶¶ 1-2.] Defense counsel represented that he had made multiple attempts to communicate with Qasonometry's owner, Muhammed White, but that Mr. White and Qasonometry had not provided

him with sufficient information to respond to the outstanding discovery requests. [*Id.* at ¶¶ 3-4.] Defense counsel also stated that he had sent a copy of the Order setting an in-person hearing to Mr. White at his last known physical address and last known e-mail address. [*Id.* at ¶ 5.] In her reply brief, Ms. Rodgers confirmed that Qasonometry had provided a timely response to her request for admissions but that she still had not received responses to her interrogatories or requests for production. [Dkt. 36.]

The Court held an in-person hearing on the Motion to Compel as scheduled at the federal courthouse in Indianapolis on June 18, 2024. [Dkt. 38.] All Parties appeared by counsel, but Qasonometry did not appear by a client representative as ordered. [*Id.* at 1.] Defense counsel confirmed that he had sent Mr. White advance notice of the hearing but did not receive a response. [*Id.*] The Court stated that "[f]ailing to appear as ordered for an in-person hearing is a serious act of disobedience and communicates disrespect for the Court, counsel, and the other Parties. That is particularly true when the hearing is set to address uncontested allegations that a party has also failed to comply with their discovery obligations." [*Id.* at 1-2.] The Court ordered Qasonometry to show cause in writing why it should not be sanctioned for failing to appear by June 25, 2024. [*Id.* at 2.] The Court also granted the Motion to Compel and ordered Qasonometry to respond to the outstanding discovery requests by that same deadline. [*Id.*] The Court warned Qasonometry that failure to comply with the Order granting the Motion to Compel could result in sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), which include financial penalties and default judgment. [*Id.*] The Court "encourage[d] Plaintiff's counsel to file a motion seeking relief consistent with Rule 37(b)(2)(A) if Qasonometry fails to comply with this Order." [*Id.*] Ultimately, Qasonometry did not respond in writing to the show cause order and did not provide

discovery responses to Ms. Rodgers in accordance with the Order granting her Motion to Compel. [Dkt. 53.]

The deadline to complete non-expert and liability discovery passed on July 16, 2024. [Dkt. 13 at 6.] More than four months after that deadline, on November 21, 2024, Ms. Rodgers filed the pending Motion for Sanctions, in which she seeks default judgment against Qasonometry as well as compensatory contempt sanctions against Qasonometry and Mr. White. [Dkt. 53.] Qasonometry filed a timely response brief on December 5, 2024. [Dkt. 55.] During a Telephonic Status Conference on December 11, 2024, the Court asked Plaintiff's counsel if he intended to file a reply brief, and he stated that he would not be filing a reply because he believed that the issues are set forth clearly in the motion and Qasonometry's response. [Dkt. 57.] The Motion for Sanctions is now ripe for the Court's review. [Dkt. 53.]

## II. LEGAL STANDARD

"If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders include entering default judgment against the disobedient party; finding the disobedient party or a party's officer, director, or managing agent in contempt of court; and ordering "the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure [to follow court orders], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)(vi)-(vii), (b)(2)(C). A district court may impose any of the sanctions set forth in Rule 37(b)(2)(A)(ii) to (vii) against a party who "fails to appear at a scheduling conference or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A).

4

When a motion to compel is granted against a party, the court must order the party, the party's attorney, or both to pay the movant's reasonable expenses incurred in making the motion, including the movant's attorney fees, provided that the movant attempted to confer in good faith before filing the motion, that the party's nondisclosure was not substantially justified, and that no other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

### III. DISCUSSION

In the Motion for Sanctions, Ms. Rodgers asks the Court to issue default judgment against Defendant Qasonometry, to declare Defendant Qasonometry and non-party Muhammad White in contempt of court, and to order Defendant Qasonometry and non-party Muhammad White to pay costs and attorney fees associated with the Motion to Compel and the present Motion for Sanctions. The Court will address the request for default judgment and the request for contempt and financial compensation separately below.

**A. Default Judgment**

Ms. Rodgers asks that "Qasonometry, Inc. be immediately declared in default and prohibited from participating in this action until further order of the Court." [Dkt. 53 at 7.] She does not provide any legal authority whatsoever in support of that request—indeed, she has not even set forth the applicable legal standard describing the circumstances that would warrant default judgment. [*See generally* dkt. 53.]

In response, Qasonometry concedes that there is no excuse for its or Mr. White's failure to follow court orders. [Dkt. 55 at 1.] Qasonometry argues, however, that Indiana law prohibits entering default judgment against a principal who is only involved in the lawsuit on a theory of *respondeat superior*. Qasonometry specifically cites a case from the Indiana Court of Appeals holding that "[i]t should go without saying that [entering default judgment against a principal who

5

is only involved in the lawsuit on a theory of *respondeat superior*] would be a completely illogical result and would run directly afoul of the axiom that a judgment in favor of an agent requires a judgment in favor of the principal if the claim against the principal rests solely on alleged conduct by the agent." [*Id.* at 5 (quoting *Comer-Marquardt v. A-1 Glassworks, LLC*, 806 N.E.2d 883, 888 (Ind. Ct. App. 2004)).] That court went on to explain that entering default judgment against the principal "would also allow a potentially absurd and unjust result of [the agent] being absolved of any wrongdoing but her company, [the principal], being held liable for that very same alleged wrongdoing." [Dkt. 55 at 6 (citing *Comer-Marquardt*, 806 N.E.2d at 888).]

Ms. Rodgers has chosen not to file a reply brief. Thus, she does not even attempt to address the Indiana Court of Appeals' holding in *Comer-Marquardt*, seek to distinguish the facts of that case from the case at bar, or attempt to show that subsequent case law has distinguished or reconsidered that court's holding. In fact, Ms. Rodgers chose not to file a reply brief even though the Court specifically raised the issue of a reply brief during a Telephonic Status Conference before the motion was fully briefed. [Dkt. 57.]

This Court and the Seventh Circuit Court of Appeals have repeatedly held that perfunctory and undeveloped arguments that are made without reference to pertinent legal authority are waived. *See Carpenter v. Berryhill*, 2017 WL 1074573, at *1-2 (S.D. Ind. March 22, 2017) (collecting cases). That is the case here. Ms. Rodgers has offered no legal authority supporting her request for default judgment and has not made any attempt to refute or distinguish the specific legal authority presented by Qasonometry in opposition to her request. It is not the Court's role to conduct a party's research for her or construct legal arguments that she could have made in reply to a non-frivolous response brief. This is especially true in the context of a request for default judgment because the Seventh Circuit Court of Appeals has "articulate[d] a policy of favoring trial

on the merits over default judgment." *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Accordingly, Ms. Rodgers' request that the Court issue default judgment against Qasonometry is **DENIED**.

### B. Contempt and Other Financial Sanctions

Ms. Rodgers asks the Court to find Qasonometry and Mr. White in contempt of court and order them to pay costs and attorney fees associated with the Motion to Compel and the present Motion for Sanctions. [Dkt. 53 at 7.] In requesting these sanctions, she "anticipate[s] that Qasonometry, Inc. will once again raise the issue of the relevancy of the subject documents," and argues that "it is improper to continuously challenge the basis for which the order was issued." [*Id.* at 4.]

In response, Qasonometry argues that the evidence the Court ordered it to produce is irrelevant or duplicative of other evidence in the record. [Dkt. 55 at 1-3.] Qasonometry also argues that one of the Plaintiff's experts could have obtained some of the evidence—data from a GPS device located inside the semi-truck that was driven by Mr. Ward at the time of the accident—when that expert inspected the truck as part of his investigation. [*Id.* 3-4.]

The Court is unpersuaded by Qasonometry's arguments with respect to relevance and prejudice. Qasonometry was ordered to produce materials to Ms. Rodgers in discovery and has steadfastly refused to do so. [Dkt. 38.] The only question now is what action the Court should take to address this flagrant disobedience. Having considered the matter, the Court now rules as follows: Defendant Qasonometry, Inc. and its owner, non-party Muhammed White, are **ORDERED** to compensate Ms. Rodgers for her reasonable costs and attorney fees associated with litigating the present Motion for Sanctions. Defendant Qasonometry is also **ORDERED** to compensate Ms. Rodgers for the costs and attorney fees associated with litigating the Motion to

Compel at dkt. 32.  Because the Court issues these sanctions under the express authority of Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C), Ms. Rodgers' request that the Court issue these same sanctions under its inherent compensatory contempt power is **DENIED AS MOOT**. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (holding that contempt is an inherent power that must be exercised with restraint).

The Court imposes no sanctions against defense counsel.  *See* Fed. R. Civ. P. 37(a)(5)(A) (sanctions for failing to produce discovery may be issued against the attorney advising the party's non-compliance with a discovery request).  The record is clear that defense counsel did not advise Qasonometry to refuse to comply with the underlying discovery requests or with its subsequent refusal to comply with the Order granting the Motion to Compel.  [*See*, *e.g.*, dkt. 38.]  To the contrary, defense counsel has appropriately balanced his duty of candor to the court while continuing to advocate on behalf of his client.  The Court is appreciative of this conduct and finds no basis for imposing sanctions against defense counsel.

Ms. Rodgers is **ORDERED** to file a Motion for Attorney's Fees **within 14 days of the issuance of this Order** setting forth its reasonable costs and attorney fees associated with litigating the Motion to Compel and its reasonable costs and attorney fees associated with litigating the present Motion for Sanctions, along with evidence supporting the requested amount.  Qasonometry and Mr. White will have **14 days to respond to that motion**, and Ms. Rodgers will have **7 days to reply**.

Defense counsel is **ORDERED** to promptly serve Mr. White with a copy of this Order and then file a notice of service on this Court's docket.  Defense counsel shall also promptly serve Mr. White with a copy of any motion related to the attorney fees request authorized by this Order and then file a notice of service on this Court's docket.

Aside from requesting default judgment, which the Court has denied in Section III-A of this Order, Ms. Rodgers has not specifically requested any additional merits sanctions against Qasonometry for its failure to obey court orders. Ms. Rodgers also has not specifically requested coercive contempt sanctions to motivate Qasonometry and Mr. White to comply with those court orders. Nevertheless, the Court's Order Granting the Motion to Compel and Order to Show Cause, [dkt. 38], has not been discharged, meaning that Qasonometry and Mr. White **remain obligated** to comply with that order and to provide Ms. Rodgers with the discovery that she requested. Accordingly, the Court again **ORDERS** Qasonometry and Mr. White to comply with the Order at dkt. 38 **within 14 days of the issuance of this Order**. If they do not meet that deadline, Ms. Rodgers may file another sanctions motion **no later than May 23, 2025**, seeking sanctions such as default judgment, coercive contempt sanctions, and/or a writ of body attachment to be executed by the U.S. Marshal. Should Ms. Rodgers file such a motion, she shall take care to specifically address any applicable standards and specifically set forth the requested relief.

## IV. CONCLUSION

For the reasons explained above, the Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Ms. Rodgers' request for default judgment is **DENIED**. Her request for reasonable costs and attorney fees is **GRANTED to the extent** that the Court orders Defendant Qasonometry to pay the reasonable costs and attorney fees associated with litigating the Motion to Compel and orders Qasonometry and its owner, non-party Muhammad White, to pay the reasonable costs and attorney fees associated with litigating the present Motion for Sanctions. Ms. Rodgers shall file a Motion requesting specific compensation figures **within 14 days of the issuance of this Order**. Qasonometry and Mr. White will have **14 days to respond to that motion**, and Ms. Rodgers will have **7 days to reply**.

9

Defense counsel shall promptly serve Mr. White with a copy of this Order and a copy of Ms. Rodgers' Motion for reasonable costs and attorney fees and promptly file notices of service on the Court's docket.

Qasonometry and Mr. White remain obligated to comply with the Court's previous Order Granting the Motion to Compel and Order to Show Cause, [dkt. 38], and are ordered to do so **within 14 days of the issuance of this Order**. If they do not meet that deadline, Ms. Rodgers may file another sanctions motion **no later than May 23, 2025**, seeking sanctions such as default judgment, coercive contempt sanctions, and/or a writ of body attachment to be executed by the U.S. Marshal.

**SO ORDERED**.

Date: 4/22/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email